Good morning, Your Honors. In Woodward, I'm representing the appellant, William Byrd. And we're here on a habeas petition, which I realize is always an uphill battle for the appellant. But I'd like to explain to the Court why I think that the State court opinion was an unreasonable application of the issue that was decided subsequently by the State court. The Sixth District here relied heavily on a prior California decision in the case of Guerrero, and it felt constrained to follow that opinion, and so expressed itself in its written opinion. In fact, it specifically stated that even when the facts and circumstances making the conviction a strike are not charged in the initial matter, and the defendant had no opportunity to defend against the allegations, and I'm paraphrasing a little bit, this is exactly what happened in the present case. And the Court is then citing to the Guerrero case in reaching that decision and indicating that it feels constrained to follow that opinion. But Apprendi, that is not what Apprendi says, and Apprendi is very clear that the reason, in distinguishing the fact of a prior conviction from a different allegation or a new charge or some other finding that is other than the fact, Apprendi specifically refers to the fact of a prior conviction, which indicates that what Apprendi is talking about is an already established fact, not a fact by... What do you think Apprendi requires here? What it requires? Well, I think in this particular case... That's what you're depending upon is a clearly established Supreme Court law, right? Yes. I think in this case, I think that trial counsel was correct in arguing that the strike could not be proven in that case, because here, under the circumstances, the defendant admitted to a crime that was not on its face a strike. He was not charged with it in the preliminary hearing. He did not litigate that issue with any understanding that he was being charged with a great bodily weapon or a personal infliction of great bodily injury, and I think that... Could you clarify one thing on that? Yes. You had said in your brief something to the effect of that he waived his jury trial on the prior conviction and a strike prior. Yeah. On the prior prison trial and a strike prior. And so what did that mean? Yes. I saw a waiver in the transcript, but what was he waiving his jury trial to? Well, I contemplated that issue all the way up here, and I have spoken to trial counsel on that before. He appeared at the argument in front of the court of appeal. And if you're asking me what he actually waived or what does that legally mean? What does that sentence in the brief mean? What does it mean? What did he waive and what does it mean here in the appending context? Okay. In reviewing the record here, it does state that they were preserving the right to argue whether the prior conviction was something that the prior charge could be proven up as a strike or whether the court could get into the factual issues underlying that in order to prove a strike. It seems to me... That's not his trial counsel, is it? Is that in the district court, you mean? Well, it seems to me that in the... Which court are we talking about? I was just looking at the minutes from the minutes in the trial court. There was a waiver of a right to a jury trial on the facts of the prior conviction, which I understand makes some sense because you really, in this particular circumstance, don't need a jury to try the issue of whether there was, in fact, a conviction under PC 245A1. But the question, the bigger question is whether the issue of whether the judge could look behind that conviction and raise some new factual issue that had not previously been alleged was, I believe, what trial counsel was preserving and subsequently argued to the court in the underlying state court action. And there is... I'm not sure whether it would have been better for trial counsel to not waive jury trial and have defendant attempt to get up there and testify. There was a subsequent case. Actually, the Gill v. Ayers case from the Ninth Circuit, I believe, discussing whether the defendant may testify in a three strikes case. I guess I'm a little confused. It says in the transcript, Do you understand this right that you give up to trial by jury on the priors? Do you give this right up? Yes. Yes. And he did not want to proceed. At that time, he did not want to proceed to trial, as I understand it, to have a jury of 12 people look at the certified transcripts showing that he was convicted of PC 245A1. And I don't think it would have been appropriate to have a jury at that time go back and rehear all of the facts from 20 years ago to determine whether he had committed some other aspect of a crime that he had not previously been charged with. And what I'm referring to is personal use of a deadly weapon. Well, what are you saying that he was entitled to a jury trial on then? I don't follow this. Well, yes, I understand your question. And what I'm saying is that under the circumstances of the case here, there were these are later cases. And so, of course, these came down after the Sixth District rendered its opinion here. But I'm only going to cite them for the sake of just for reference. People v. Miles was a real ---- Can you go back just a few? Yes. Answer Judge Siler's question of what's he going to do? What do you want? If he were to win, what would he get a jury trial on? Well, I think it's not so much that he is entitled to a jury trial at this point on the underlying strike. I think that at this point the strike should have ---- I don't think that there's any way that the prosecution can prove the strike at this point in time with the facts that it was required to introduce in order to prove it. In other words, it should have been stricken as defense counsel requested at the time. So Apprendi doesn't apply at all then because you're just talking about the right to a jury trial in Apprendi, right? Well, I'm ---- the reason I'm citing Apprendi and the reason I think Apprendi applies is because I think Apprendi prohibits what was attempted to be done here, which was to the trial court made factual findings here that it wouldn't have been allowed to make in the case before it, in the current case. It would not have been allowed to decide the personal use issue. And had you had a jury of 12 then and there with current witnesses deciding that, that would have had to be given to the jury to decide. But in this case, whether the defendant waived jury or not, it was almost a moot point then, and we're talking about a 20-year-old conviction. So then what's the Supreme Court case if it's not Apprendi because if Apprendi somehow applied and then you could get the jury trial on something that you'd like, we'd go down that route. But Apprendi doesn't really apply. So in the habeas context, what Supreme Court case do we look to to overcome the hurdle that you talked about when you stood up? Well, I think Apprendi ---- the reason I think Apprendi applies is because I think that Apprendi is referring to the Sixth Amendment right to ---- regardless of whether ---- at this point, it's an unusual case because there's no way of gathering a current ---- it's such a long time ago, there's no way of really having a reasonable jury trial on the underlying facts. But Apprendi states the principle that there is a constitutional right. A judge does not have the authority under the Constitution, doesn't have the power under the Constitution to take a fact that relates to an underlying prior conviction and I'm not talking about the nature of the conviction, but I'm talking about a new fact that wasn't previously litigated and resolve that fact in order to take a conviction that is not on its face a strike and make it a strike. PC245A1 is an unusual statute in that it's sort of a collection of several crimes and two of those crimes are not strikes. One of them could be on its face. And so you have this single statute that refers to a bunch of different crimes and I'm sorry, I've somewhat gotten off the point of answering your question, but the Sixth Amendment right that's articulated in Apprendi and the division or the separation of powers between what the jury must decide and what the court must decide is applicable here, I think, because the arguments that were made on appeal were that the Sixth Amendment prevented the judge from going back and making those factual determinations in hindsight. Surely if he couldn't make them in the case in front of him, how could he make them in a case that occurred 20 years ago? And the Sixth Amendment violation there is inherent in what the prosecution was trying to do, which was you see, the newer cases, the Court did not have this to look at and I understand that, but I'll just use it by sake of reference. In People v. Miles, that's a much more recent California Supreme Court case, the court reiterates the rule that if an offense can be committed in more than one way, the court must look to the description of the offense and then must basically accept the least serious offense described by that description. If necessary, according to this case, the court can then go on and look at the undisputed facts. This is a 2008 case. So I think it's the case that articulates the Sixth Amendment, right? And the Court of Appeal had no trouble understanding the argument that was being made. It just indicated that it felt constrained by a Guerro decision to follow that rather than to interpret Apprendi in some other fashion because that was the California ruling at that time. And I will say again, this is after the fact of the decision in this case, but the context of that Miles case to disapprove of the Guerrero case. And I think, you know, it's not relevant to whether there was clearly established law that the Sixth Amendment failed to follow, but certainly the principles of the Sixth Amendment were set forth in the Apprendi case in a way that was clear and the Court of Appeal understood that. It just felt as though it needed to apply the Guerrero case rather than to make some other law other than what the California Supreme Court had already stated. Kennedy, we're considerably over time again. Oh, I'm sorry. I apologize. I will say if there's any few seconds left. We'll give you a minute for rebuttal. Okay. Thank you. Good morning, Your Honors. Ann Wathen for Respondent Brown. May it please the Court. With regard to the first issue, it's our position that as the State Appellate Court reasonably found, it was proper for the trial court, as opposed to a jury, to determine whether Byrd's prior was established law. For the reason that it fell within the Apprendi exception, which allows a trial court to determine the fact of a prior conviction. Here, there is an additional fact that needed to be established regarding the circumstances of Byrd's prior. However, the U.S. Supreme Court has never said that a defendant must be given a jury trial when an additional circumstance regarding the prior conviction has to be established. And the U.S. Supreme Court continues to recognize the Apprendi exception, and the lower courts continue, of course, to follow it broadly, as this Court did here. And also, I'd just emphasize the fact that this Court has never said that a defendant if you plead guilty to something, which is on its face categorized one way or the other, that you can go back and take a factual circumstance that you never specifically plead guilty to and use that to create a strike. Well, for the reason that Apprendi emphasizes that there has to be procedural safeguards in place, and I think those are in place here. I mean, at the very beginning, of course, he was given notice of the 1983 charge. He was given an opportunity to have a right to a jury trial and have the jury determine whether he committed that offense beyond a reasonable doubt. And then in addition in this case, he had the opportunity to cross-examine Ms. Allen regarding the preliminary at the preliminary hearing. So there were procedural safeguards in place. So this case is distinguishable from Apprendi itself, and it addresses the procedural safeguard concerns. And of course, unlike Apprendi, this was birth prior conviction was not, of course, part of his current offense. It was unrelated to those offenses. And again, as this Court pointed out, he waived his right to a jury trial on the prior. And again, the prosecutor here, even with regard to the prior conviction itself, did or was required and did prove beyond a reasonable doubt the prior. So it puts you in this situation that somebody who today is pleading guilty to a crime doesn't know whether 20 years from now that can get recategorized as a strike because of some underlying fact that you may or may not have pled to. Is that right? I'm just trying to look at the practical consequence. That's correct, Your Honor. But, I mean, also I think the procedural safeguards are being put in place here. So I think that's a very important distinction in this particular case. So that's why, I mean, Apprendi, of course, that's one of the major concerns in that case. So what's the procedural safeguard? Well, the ones I met, I just discussed the fact that, for one thing, this had a preliminary hearing. So this is something where there's sworn testimony. The person that's describing the act, which is, you know, ramming the back of her car, she's being cross-examined on that as well. And, of course, not only were they given the opportunity to cross-examine her, but they did. I mean, they impeached her with a prior conviction and things like that. But at a preliminary hearing, you normally don't bring in counterwitnesses who might say this woman is not believable, she told me a different story. You don't do that at a preliminary hearing. You get the prosecution's case out, but the defense doesn't put on its answer to that case. Well, in this particular case, they did address and, you know, did question her about whether she even knew that there were No, you cross-examine her, but you don't put on your own witnesses. That's correct, Your Honor. So you don't really have the procedural safeguard of a trial. It doesn't have the same purpose. It's not the same function. Well, then I would go back to the fact that, though, I think the Court, as my understanding, Apprendi and cases like Jones are also looking at the fact that you are given this opportunity not to waive your right to a jury trial and, you know, bring out witnesses, cross-examine witnesses, and have the jury trial, and have the standard be beyond a reasonable doubt to prove that. And he waived it in this case. But my question is what do you prove? In other words, let's say you have the jury trial there. If it's not an element of the offense and then you get convicted, how does the jury trial help you to basically know one way or the other whether this other element should come in to give you a strike? Well, I think the facts that are developed at things like the preliminary hearing and, of course, at the jury trial, and he's waived that, but at the preliminary hearing, the facts are pretty conclusive. I mean, it was ramming her car with his truck repeatedly. It wasn't just once or twice. How was the charge that he was charged with in this, in that case, the one where he assaulted the woman? Just simple assault? Or was it just assault? Aggravated assault. I believe it was, yeah, assault with GBI. He pleaded guilty to the charge? Correct. There was no plea agreement or lesser offense or anything he pleaded to? Or do we know that? No, not on the record. No, I didn't see anything other than that. Because sometimes people get charged with an aggravated assault, plead down to simple assault or something like that. So under those circumstances, wouldn't it not be a strike there? Well, a simple assault. I mean, I guess you could still look. I mean, this isn't, of course, our case. But based on what Apprendi is saying, the fact of a prior conviction, and when you look at the court being bound by Guerrero and things like Kelly, they could go back and look at the trial or the preliminary transcript to determine if the facts showed something that would qualify as a strike under the California Three Strikes Law. Of course, that's not our situation here, though. That's probably about the only record you have where a person pleads guilty, right, unless he admits it on the record before the judge? I'm sorry, Your Honor. Could you repeat? And then that would be, of course, a very difficult case to prove, that it qualifies as a prior conviction, that it qualifies as a three-strikes offense. With that, I'll submit, unless the Court has any other questions. Thank you, counsel. We'll give you a minute for rebuttal. The charge, the initial charge, according to the record, was assault with a deadly weapon, not a firearm. And then the plea was described as assault with force likely to inflict great bodily injury, which is not a strike under the Three Strikes Law. That's just one thing I wanted to clear up. The other two points are I'm not advocating at all that the probation report should be relied upon, nor should admissions be relied upon. And I think there's some more recent case law in California on that. But the probation report was offered here, and it does, at least it's part of the record, showing that there were contradictory facts, that the victim later acknowledged that the defendant's truck had faulty brakes. There certainly were some defenses should the defendant have been charged with either inflicting great bodily injury or using a vehicle as a deadly weapon. And that, in and of itself, is a factual issue. There are a number of facts. You look at the nature of the item used and whether that is a weapon or a deadly weapon and the manner in which it was used. And those are all things that would have been brought out had this case been tried. But strategically, a defendant is not normally going to bring that out in a preliminary hearing, particularly if he's not charged with it. And then he doesn't. The answer is if you set to go to trial, if you plead guilty, you might get a strike against you for something you didn't necessarily plead guilty to. Well, that's the concern. And I think the Court – I'm just citing on page 6 of the court of appeals opinion. It was clear about the issue, the Sixth Amendment issue from Apprendi. Defendant asks us to decide the issue acknowledged but not resolved by the California Supreme Court in EPS, E-P-P-S. To what extent does Apprendi apply where a fact relevant to a prior conviction must be decided before that prior conviction may be found to be a serious felony for the purpose of an increasing defendant's sentence? And then they go on to say, however, in light of our Supreme Court's, the California Supreme Court's failure to rule, we're bound by the Guerrero opinion. So in other words, they realized the issue was there, they realized Apprendi was there, but they said we're not going to be the ones to make this decision. And that's why we're asking this Court, then, to do that. And I'll submit it. Thank you for letting me talk. Thank you, counsel. The case just argued will be submitted.
judges: Reinhardt, Siler (6th Cir.), McKeown, Cjj